FEBRUARY TERM, 1902. 477

*38 Vroom.*    Penna. R. R. Co. v. Township of Hamilton.

THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTOR,
v. THE INHABITANTS OF THE TOWNSHIP OF HAMIL-
TON, IN THE COUNTY OF MERCER, AND THE MERCER
COUNTY TRACTION COMPANY.

Submitted December 10, 1901—Decided February 24, 1902.

A street railway company obtains no such rights in a public road or
street by the construction and operation of a railway therein,
under an ordinance passed *ultra vires*, as will prevent the town-
ship committee from granting permission to another railway com-
pany to construct and operate its railway in the same public road
or street.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Alan H. Strong.*

For the defendants, *John H. Backes.*

The opinion of the court was delivered by

GARRETSON, J.   This is a *certiorari* bringing up an ordi-
nance of the township committee of the township of Hamil-
ton entitled "An ordinance granting permission to the Mercer
County Traction Company to construct, maintain and operate
a street railway, in extension of its existing line, upon a cer-
tain public highway in the township of Hamilton and county
of Mercer," passed September 18th, 1901, and gives permis-
sion to the Mercer County Traction Company to construct,
&c., a street railway, extending, and in extension of, its street
railway now existing on the public highway leading from
Yardville to Allentown, by way of North Crosswicks, upon
the public highway known as the Crosswicks and Trenton
turnpike, beginning in the Crosswicks and Trenton turnpike
where the road leading from Groveville to Hamilton Square
intersects the same, being the northerly terminus of the rail-

way of the Mercer County Traction Company, and running one thousand four hundred and sixty-two feet.

The prosecutor seeks to set aside this ordinance on the ground that the location of tracks and poles in and by said ordinance is identical with the location of tracks and poles previously existing upon said highway, under an ordinance of said township granting permission to the Trenton Street Railway Company to construct, maintain and operate an electric street railway thereon, and then operated by said Trenton Street Railway Company, and that permission to construct, maintain and operate a street railway upon a location already occupied by another street railway in operation could not be lawfully granted by said township. It is not disputed that the location granted to the Mercer County Traction Company by the above ordinance is identical, in part, with the location described in an ordinance granting like permission to the Trenton Street Railway Company; but it is claimed by the defendants that this ordinance granting permission to the Trenton Street Railway Company is void, because of lack of power in the township committee to pass it, and that it did not confer upon the Trenton Street Railway Company any power to construct the railway mentioned in it.

This ordinance granting permission to the Trenton Street Railway Company was passed December 8th, 1898, and grants permission to the Trenton Street Railway Company to lay tracks on the Crosswicks and Trenton Turnpike, from its junction with the road known as the Bordentown road to Zwirlein's Hotel, in the village of Yardville.

The evidence shows that the South Clinton Avenue and Broad Street Railway Company was incorporated under an act entitled "An act to provide for the incorporation of street railway companies and to regulate the same," approved April 6th, 1886. *Gen. Stat., p.* 3216. By the eighth section of that act, as amended March 27th, 1889, it is provided that a township committee, upon petition of the directors of any company incorporated thereunder for a location of the tracks of its railway therein, conformably to the route designated in their articles of incorporation, or for an extension of the

same, shall, after notice and hearing, pass an ordinance refusing such location or extension or granting the same, and the location and extension thus granted shall be deemed and taken to be the true location or extension of the tracks of the railway, if an acceptance thereof, in writing, by said directors shall be filed with the secretary of state within thirty days after receiving notice thereof, and a copy thereof delivered to the clerk, or other equivalent officer, of the municipality.

Under the authority of this section the township committee of Hamilton township granted permission, by ordinance, to the South Clinton Avenue and Broad Street Railway Company to construct an extension of its railway, from the city line of Trenton to Harrison avenue, upon South Clinton avenue and Cedar lane. The ordinance granting this permission was accepted in the manner prescribed by the statute. Before the extension was constructed this latter company became merged in the Trenton Passenger Railway Company, Consolidated, and, upon their application to the township committee, permission was granted, by ordinance, to extend its railway from the city line of Trenton, through South Broad street to Cedar lane, and thence from the intersection of Harrison avenue to the toll-house of the Crosswicks and Trenton Turnpike Company. Permission was also granted, by ordinance, to the consolidated company to extend its railway from the said toll-house along the turnpike road of the Crosswicks and Trenton Turnpike Company to the village of White Horse. Neither of these two last-mentioned ordinances were accepted, so that there was no legal right to construct that part of the extension between Harrison avenue and the toll-house of the Crosswicks and Trenton Turnpike Company, or that part from the said toll-house along the turnpike road of the Crosswicks and Trenton Turnpike Company to the village of White Horse. The Trenton Street Railway Company, having become incorporated by a consolidation of the Trenton Passenger Railway Company, Consolidated, and others, proceeded, without any further ordinance of the township committee, to construct the extension from the said toll-house to White Horse, and, because it is

constructed without the permission required by the statute, it is without a legal right to exist. In this situation, the township committee, upon the application of the directors of the Trenton Street Railway Company, passed the ordinance of December 8th, 1898, granting to it permission to construct an extension of its railway from the village of White Horse along the turnpike road of the Crosswicks and Trenton Turnpike Company to the village of Yardville, and this ordinance was duly accepted.

The portion of the turnpike mentioned in this ordinance is, as to a part, identical with that described in the ordinance granting permission to the Mercer County Traction Company to construct a railway. In the case of *Trenton Street Railway* v. *Pennsylvania Railroad Co.*, 49 *Atl. Rep.* 481, the Court of Errors and Appeals held that the ordinance of December 8th, 1898, did not confer upon the Trenton Passenger Railway Company "any power to construct the so-called extension of its railway from the village of White Horse to Yardville. An extension of a railway, as the word signifies, is a prolongation of it from one of its termini to some other designated point. The legal terminus of the Trenton Passenger Railway Company's railway, at the time of the passage of the ordinance, was, and is now, so far as the proofs show, at Harrison avenue, and not at White Horse, and the grant contained in the ordinance of December 8th, 1898, was, consequently, not to construct an extension, but, rather, an independent railway. Such a grant was *ultra vires* the township committee of Hamilton township, and altogether nugatory." The proofs in this case are the same. If this extension of the Trenton Street Railway Company's road is without a legal right to exist, and the ordinance conferred no power to construct it, and the action of the township committee in granting the permission was *ultra vires,* then the mere construction, maintenance and operation of this extension could give no rights whatever to that company; it has no franchise there to exist as a railroad, or any right to run cars or take fares. These rights only arise when the conditions prescribed by statute have been complied with.

At the time of the passage of the ordinance removed by the writ in this case the Trenton Passenger Railway Company had no rights in the turnpike which could prevent the township committee from passing that ordinance.

The ordinance will be affirmed, with costs.